**Juan C. Chavez,** OSB #136428
**Alex Meggitt**, OSB #174131
Oregon Justice Resource Center
P.O. Box 5248
Portland, OR 97208
ameggitt@ojrc.info
jchavez@ojrc.info
Tel: (503) 944-2270

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| DESTINY ELLIOTT, as personal representative of the estate of Tyson Wilcher, | Civil No. |
| Plaintiff, | **COMPLAINT** |
| v. | CIVIL RIGHTS 42 U.S.C. § 1983; SUPPLEMENTAL STATE WRONGFUL DEATH CLAIM |
| OREGON DEPARTMENT OF CORRECTIONS, a subdivision of the State of Oregon; REED PAULSON, MD; JANE DOE; and JOHN DOES 1-2, | DEMAND FOR DAMAGES AND ATTORNEY FEES |
| Defendants. | **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.     On June 7, 2019, Tyson Wilcher, a 37 year-old Native American man, was found unresponsive in his cell at Oregon State Penitentiary, a few hours after he begged staff for medical attention. Rather than help him, prison staff had told him to stop wasting their time, then threatened to pepper spray him. Destiny Elliott, duly appointed personal representative of Mr. Wilcher's estate, now brings this action for the violation of her brother's civil rights and his

Page 1 - COMPLAINT

wrongful death.

## II. PARTIES

2.     Plaintiff Destiny Elliott is a citizen of the State of Washington and decedent Tyson Wilcher's sister. She is the duly appointed, qualified, and acting personal representative of his estate.

3.     Defendant Oregon Department of Corrections (hereinafter ODOC) is a subdivision of the State of Oregon. Decedent Tyson Wilcher was a prisoner in ODOC's custody from approximately September 2011 until his death on June 7, 2019. At the time of the events described herein, Mr. Wilcher was incarcerated at Oregon State Penitentiary (OSP) in Marion County, Oregon. ODOC is named here as a Defendant only in the state law wrongful death claim brought by his Estate.

4.     At the time of the allegations made herein, Defendant Reed Paulson, MD, was the Chief Medical officer of Oregon State Penitentiary. At all material times, he was responsible for overseeing medical care provided to prisoners at OSP. He is sued in his individual capacity.

5.     At the time of the allegations made herein, Defendant Jane Doe was an employee of ODOC, a nurse at OSP, and acting within the course and scope of her employment with the State of Oregon. She is sued in her individual capacity.

6.     At the time of the allegations made herein, Defendant John Doe 1 was an employee of ODOC and acting within the course and scope of his employment with the State of Oregon. He is sued in his individual capacity.

7.     At the time of the allegations made herein, Defendant John Doe 2 was an employee of ODOC and acting within the course and scope of his employment with the State of Oregon. He is sued in his individual capacity.

### III. JURISDICTION AND VENUE

8. This is a complaint for damages and attorney fees based upon defendants' violation of plaintiff's constitutional, statutory, and common law rights. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), (4). This Court has pendent jurisdiction over Plaintiff's state law wrongful death claim under 28 U.S.C. § 1967.

9. Venue is proper within the District of Oregon because all the events giving rise to this claim occurred in this judicial district and because Defendants are subject to personal jurisdiction in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Marion County, Oregon.

### IV. TORT CLAIM NOTICE

10. Prior to the institution of this action, Plaintiff provided notice of her claims to all necessary parties pursuant to ORS 30.275

### V. FACTUAL ALLEGATIONS

11. On or about June 6, 2019, Tyson Wilcher was incarcerated at OSP. At some point during this day, Mr. Wilcher became agitated, and exhibited signs of paranoia. When he approached a corrections officer and expressed this paranoia, the officer had Mr. Wilcher placed in a single cell in the Disciplinary Segregation Unit (DSU) for his protection and on suspicion that Mr. Wilcher was on drugs.

12. Later that day, Mr. Wilcher complained to DSU staff that he was experiencing chest pain and shortness of breath, and he requested to be taken to medical. Two DSU officers, whose identities are unknown at this time and are referred to in this complaint as JOHN DOE 1 and JOHN DOE 2, put Mr. Wilcher in shackles and escorted him to the medical unit.

13. When Mr. Wilcher arrived in the medical unit, he was visibly worried, and he told medical staff that he was having difficulty breathing and that he had chest pains.

14. A nurse, whose identity is unknown at this time and is referred to in this complaint as JANE DOE, checked some of Mr. Wilcher's vital signs, then told him that there was nothing wrong with him, and that he "needed to stop wasting [her] time and go back to his fucking cell."

15. Mr. Wilcher refused to leave, insisting that he did not feel right and wanted medical care. He remained in medical for an additional 15 to 20 minutes, until the two DSU officers who escorted him threatened to pepper spray Mr. Wilcher if he did not comply. After the officers pulled out their pepper spray canisters as a show of force, Mr. Wilcher relented, and the officers took him back to his cell.

16. A few hours later, at approximately 2:00 AM on June 7, 2019, staff found Mr. Wilcher lying unresponsive in his DSU cell.

17. When outside medics arrived, Mr. Wilcher was foaming at the mouth, and he began to convulse. He was taken to Salem Hospital's emergency department, where hospital staff attempted to revive him, to no avail. Mr. Wilcher was pronounced dead at about 3:18 AM.

18. A medical examiner later determined Mr. Wilcher's death was caused by methamphetamine toxicity. An autopsy found that a femoral blood specimen taken from Mr. Wilcher's body contained 5.4 mg/L of methamphetamine.

19. In the months prior to this incident, at least one other prisoner in OSP had gone to the infirmary, been refused treatment, was returned to his cell, and died within hours.

20. Upon information and belief, at all material times, prisoners who wanted to did not have difficulty obtaining methamphetamine in OSP. Prisoners who obtained

methamphetamine would be able to ingest it themselves, sell it, or use a large amount of the drug to poison others. Some correctional staff also engage in drug distribution.

## VI. CLAIMS FOR RELIEF

21. Plaintiff brings a claim under 42 U.S.C. § 1983, for violations made by the individual named Defendants of Plaintiff's Eighth Amendment rights, and a state law claim.

22. The Defendants, except for ODOC, are all persons within the meaning of 42 U.S.C. § 1983.

23. Plaintiff seeks an award of economic damages, non-economic damages, and attorney fees and litigation expenses/costs against defendants.

## FIRST CLAIM - EIGHTH AMENDMENT
### (42 U.S.C. § 1983 Claim for Deliberate Indifference to Serious Medical Needs; Against Defendants Paulson, Jane Doe, and John Does 1-2 in Individual Capacity)

24. Plaintiff incorporates and realleges each of the above paragraphs.

25. Under the Eighth Amendment to the United States Constitution, Mr. Wilcher had a right to adequate medical treatment for his serious medical needs.

26. As alleged above, in refusing to properly examine Mr. Wilcher and provide him with medical care, Defendants Jane Doe and John Does 1-2 were deliberately indifferent to Mr. Wilcher's serious medical needs under the Eighth Amendment to the U.S. Constitution. Mr. Wilcher had a clearly established right under the United States Constitution to receive adequate medical care for his serious medical needs rendering Defendants liable to Plaintiff under 42 U.S.C. § 1983.

27. As alleged above, Defendant Paulson is a supervisor who oversees the medical care provided by OSP staff. At the time of Mr. Wilcher's death, Defendant Paulson was aware that his staff were refusing to treat some patients and that those untreated patients died soon

after; he knew or should have known that this conduct would deprive Mr. Wilcher of his rights; and he failed to prevent his subordinates from continuing to engage in such conduct. Mr. Wilcher' had a clearly established right under the United States Constitution to receive adequate medical care for his serious medical needs rendering Defendant Paulson liable to Plaintiff under 42 U.S.C. § 1983.

28. Based on the Defendants' conduct, Plaintiff is entitled to an award of damages.

29. The denial of Plaintiff's right to due process was the direct and proximate cause of the violation of Plaintiff's rights and the death of Mr. Wilcher. Plaintiff has suffered economic, and non-economic damages in an amount to be determined at trial.

## SECOND CLAIM – WRONGFUL DEATH
### (State Law Claim Brought by Estate of Tyson Wilcher against Oregon Department of Corrections)

30. Plaintiff incorporates and realleges each of the above paragraphs.

31. Injury to Tyson Wilcher, including death, was a foreseeable risk of harm.

32. Defendant ODOC's conduct was unreasonable in light of the risk of harm to Mr. Wilcher. Defendant ODOC's conduct unreasonably created a foreseeable risk of harm to a protected interest of the kind of harm that befell Mr. Wilcher.

33. Defendant ODOC's conduct, including its acts or omissions, was a cause of harm to Mr. Wilcher.

34. Defendant ODOC's medical treatment of Mr. Wilcher fell below the standard of care, thereby causing harm to Plaintiff.

35. As the operator of a correctional facility holding Mr. Wilcher in custody, Defendant ODOC had a special relationship with Mr. Wilcher and owed Mr. Wilcher a heightened, non-delegable duty of care. This duty included protecting him from foreseeable harms that would arise at OSP, including preventing illegal drugs from entering the facility.

Because Mr. Wilcher was in Defendant ODOC's custody, he was entirely in their control when it came to access to medical care. Had Mr. Wilcher been free, he would have been able to seek and receive medical treatment on his own. However, because he was in Defendant ODOC's custody, when he sought medical attention at OSP, his pleas for assistance were ignored. Defendant ODOC voluntarily took custody of Mr. Wilcher under circumstances which deprived him of normal opportunities for protection and under a duty to ensure he had access to adequate medical care while incarcerated. Defendant ODOC did not meet its obligation to provide Mr. Wilcher with healthcare, in compliance with appropriate professional standards.

36. The death of Mr. Wilcher was caused by the wrongful acts or omissions or negligence of Defendant ODOC, acting through its agents and officers, the staff at OSP, including other Defendants name in this action.

37. This action is brought on behalf of the Estate to benefit the person who, under the law of intestate succession of the State of Oregon, would be entitled to inherit the personal property of the decedent.

38. As a direct and proximate result of Defendant ODOC's unlawful conflict, Plaintiff and Mr. Wilcher's heirs suffered the loss and companionship of Mr. Wilcher which resulted in emotional distress and the loss of his economic contribution to the family.

39. As a result of Defendant ODOC's wrongful and negligent conduct, the Estate of Tyson Wilcher has sustained the following injuries, economic, and non-economic damages:

    a. Charges for Mr. Wilcher's memorial and burial expense;

    b. An amount that would have justly, fairly, and reasonably compensated the decedent for pain and suffering during the period between injury to Mr. Wilcher and his death;

    c. An amount that would justly, fairly, and reasonably compensate for pecuniary

loss to Mr. Wilcher's estate, including loss of income and benefits;

    d. An amount that would justly, fairly, and reasonably compensate Mr. Wilcher's statutory heirs for pecuniary loss and for loss of the society, companionship, and services of Mr. Wilcher.

40. As a result of Defendant ODOC's above-described negligent conduct, the Estate of Mr. Wilcher is entitled to be fully and fairly compensated for economic damages in a sum that is just and in an amount to be determined by a jury, not to exceed $380,000.00; and noneconomic damages in a sum that is just and in an amount to be determined by a jury, not to exceed $3,000,000.00.

## CONCLUSION

WHEREFORE, Plaintiff prays for relief as follows:

a. For judgment in favor of Plaintiff against Defendants for his damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 for his claims for relief.

c. For Plaintiff's costs and disbursements incurred during this action;

d. For such other and further relief as this Court deems just and equitable under the circumstances.

DATED: June 4, 2021.

                                      */s/ Alex Meggitt*
                                      Alex Meggitt, OSB #174131
                                      Email: ameggitt@ojrc.info
                                      Juan C. Chavez, OSB #136428
                                      Email: jchavez@ojrc.info
                                      P.O. Box 5248
                                      Portland, OR 97208

                                      Attorney for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____